NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK CLAUDE WATKINS, | No. 20-15059 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05519-JJT-JFM |
| v. | |
| JONATHAN ECHOLS, Mesa Police Officer #20129; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Derek Claude Watkins appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

28 U.S.C. § 1915A for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1118 (9th Cir. 2012). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Watkins's action was proper because Watkins failed to allege facts sufficient to state a plausible federal claim. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may . . . arrest the offender."); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *United States v. Camou*, 773 F.3d 932, 937-38 (9th Cir. 2014) (a search roughly contemporaneous with an arrest that is limited to the area in the arrestee's immediate control is lawful); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (elements of a malicious prosecution claim); *Orloff v. Cleland*, 708 F.2d 372, 379 (9th Cir. 1983) (procedural due process requires an opportunity "to be heard at a meaningful time and in a meaningful manner"); *see also Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (municipality is liable if it "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation" (citation and internal quotation marks omitted)); *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (discussing requirements for inadequate training to serve as basis for municipal liability).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**